```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF ARKANSAS
                    HELENA DIVISION


ASHWOOD JANITORIAL SERVICES,
CAROLYN ASHWOOD, Individually and
as Owner, and NATHAN ASHWOOD,
Individually and as General Manager              PLAINTIFFS

     V.                    NO. 2:08-CV-38

W.W. CONTRACTORS, INC., MATTHEW
FRIESSER, Vice President of W.W.
Contractor, Inc., JEFFERY SORENSON,
Agent on Behalf of WW Contractors, Inc.
GENERAL SERVICES ADMINISTRATION, and
CAMRON DOSS, In his Official Capacity
as Agent and Contracting Officer on
Behalf of the General Services
Administration                                   DEFENDANTS
```

**O R D E R**

Before the Court are Defendants General Service Administration and Camron Doss's Motion for Summary Judgment (Doc. 19); Defendants WW Contractors, Matthew Frieser, and Jeffrey Sorenson's Motion for Summary Judgment (Doc. 28); Plaintiffs' Response to both Motions (Doc. 31); and WW Contractors, Matthew Frieser, and Jeffrey Sorenson's Reply (Doc. 37).

**A. Standard of Review**

Summary Judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The burden of proof is on the moving party to set forth the basis of its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The Court must

1

view all facts and inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574 (1986). "The non-moving part[ies], however, must still 'present evidence sufficiently supporting the disputed material facts that a reasonable jury could return a verdict in [their] favor.'" *Pope v. ESA Services, Inc.*, 406 F.3d 1001, 1003-04 (8th Cir. 2005) (quoting *Gregory v. City of Rogers, Ark.*, 976 F.2d 1006, 1010 (8th Cir. 1992)). A party opposing a motion for summary judgment that is properly supported must respond with affidavits or other similar evidence that sets out the facts showing a genuine issue for trial. Fed.R.Civ.Pro. 56(e)(2). Any affidavits submitted by the parties must "set out facts that would be admissible in evidence." Fed.R.Civ.Pro. 56(e)(1).

### B. Background and Facts

The Plaintiffs are Ashwood Janitorial Services; Carolyn Ashwood, individually and as Owner of Ashwood Janitorial; and Nathan Ashwood, individually and as general manager of Ashwood Janitorial Services. The Plaintiffs claim a breach of contract by WW Contractors, Inc. ("WW"); Matthew Friesser, Vice President of WW; Jeffrey Sorenson, as an agent of WW; the General Service Administration ("GSA"); and Camron Doss in his official capacity with the GSA. Defendants GSA and Camron Doss assert a counterclaim against Ashwood Janitorial for $3,990 for overpayment under the contract between the GSA and Ashwood Janitorial [hereinafter the "GSA contract"].

Prior to 2006, Plaintiff Ashwood Janitorial was the janitorial services contractor for the Federal Building in Helena, Arkansas. Defendant GSA is the governmental agency responsible for the building. In late 2005, for whatever reason, the GSA decided to outsource the contract for maintenance of the building. On December 1, 2005, the GSA sent Carolyn Ashwood, the owner of Ashwood Janitorial, correspondence advising her of the government's intent to cancel the GSA contract as of December 31, 2005. The GSA made a final payment, as required by the GSA contract, of $3,991.66 on January 2, 2006. The affidavit of Camron Doss, which is undisputed, states that the GSA made an additional payment in error to Ashwood Janitorial in the amount of $3,991.66 on February 1, 2006. Plaintiffs do not contend they returned the overpayment. On May 8, 2006, Carolyn Ashwood signed a release of claims for the GSA. It is undisputed that the GSA contract with Ashwood Janitorial terminated in 2005, as the contract between Ashwood Janitorial and WW [hereinafter the "WW contract"] went into effect.

On December 30, 2005, Ashwood Janitorial entered into a contract with WW Contractors, the Helena Federal Building's new prime maintenance contractor, for performance of janitorial services at the building. The contents of the contract are undisputed. The WW contract, described as a subcontract in the document, was set out on paper with a WW letterhead. The contract was to be for a term from January 1, 2006 to December 31, 2007,

3

but subject to a termination clause which stated:

> WW reserves the right, at any time, to terminate this Subcontract, either in whole or in part, whenever it determines, at its sole discretion, that it is in its best interest to do so. If WW exercises this right, the Subcontractor shall be entitled to reimbursement for its reasonable costs incurred prior to its receipt of WW's notice of termination plus a reasonable profit thereon. Anticipatory profit is specifically excluded from any termination settlement.

Carolyn Ashwood signed the WW contract on behalf of Ashwood Janitorial and Matthew Frieser signed on behalf of WW, and they were the only signatures on the document. Section XXII of the WW contract listed Frieser and Carolyn Ashwood as the only parties to receive notices or other communications. The WW contract contained an integration clause that indicated that the contract "constitutes the entire agreement between the parties and supercedes any other written or oral agreement."

The parties agreed to incorporate by reference nine clauses within WW's prime contract with GSA. Those clauses related to Liquidated Damages, Notice to the Government of Labor Disputes, Drug-Free Workplace, Insurance-Work on a Government Installation, Accident Prevention, Protection of Government Buildings, Workmen's Compensation Laws, Qualifications of Employees, and Pricing of Adjustments. Other than the incorporated clauses, the contract only mentions the GSA one time, in a clause stating that WW would not incur liability to Ashwood Janitorial if WW had not received payment for the covered services from the GSA.

It is undisputed that on December 1, 2006, Jeffrey Sorenson,

4

a Project Manager for WW, sent Ashwood Janitorial correspondence reflecting that WW was terminating its contract with Ashwood Janitorial as of January 31, 2007. Whether the Plaintiffs ever received the letter or if the letter functioned as an unambiguous contract termination, is unclear. The affidavits of both Nathan and Carolyn Ashwood state that "written notice was never given to me that the contract would be breached such lessor amount for contract services was required under section VII [sic]." Plaintiffs contend they breached no sections of the WW contract. When, if ever, Ashwood ceased performance of its part of the WW contract is unclear.

This case was originally filed in the Circuit Court of Phillips County, Arkansas. Defendant GSA removed the case to federal court pursuant to 28 U.S.C. § 1442(a)(1), which is based on a civil action against an agency of the United States. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1346(a)(2).

**C. Discussion**

### 1. Parties Bound by the WW Contract

The first step in determining the existence of contractual liability is to determine whether a party has a contractual obligation. "When the terms of a written contract are ambiguous and susceptible to more than one interpretation, extrinsic evidence is permitted to establish the intent of the parties and the meaning of the contract then becomes a question of fact."

5

*Stacy v. Williams*, 834 S.W.2d 156, 158 (Ark. App. 1992). When the contract is read in light of the surrounding circumstances, if the intention of the parties is reasonably clear, there is no ambiguity. *Arkansas Amusement Corp. v. Kempner*, 57 F.2d 466, 472 (8th Cir. 1932). "Although a question of fact is presented when a contract is ambiguous as to the parties' intent...the construction and legal effect of a contract are questions of law when the terms thereof are not susceptible to more than one equally reasonable construction." *Singh v. Riley's Inc.*, 878 S.W.2d 422, 423 (Ark. App. 1994).

Not all parties named in a contract have contractual obligations. "Arkansas recognizes the general rule that where an agent names his principal and does not exceed his authority when contracting on the principal's behalf, the agent is not personally liable upon the contract unless the agent agrees to be." *McCullough v. Johnson*, 816 S.W.2d 886, 887 (Ark. 1991). "An agent is not liable to a third party for a contractual obligation made by a disclosed principal unless the agent is specifically named in the contract and there is evidence of his intent to be bound." *Cox v. McLaughlin*, 867 S.W.2d 460, 464 (Ark. 1993).

The contents of the WW contract are undisputed and unambiguous in light of the surrounding circumstances. The written contract lists two parties and has two signatures. The named parties in the WW contract are Ashwood & Associates Janitorial and WW Contractors, Incorporated. Carolyn Ashwood signed for Ashwood

Janitorial, and "Matthew Frieser – Vice President" signed for WW. Signatories Carolyn Ashwood and Matthew Frieser were functioning as agents for disclosed principals when they signed the contract. Therefore, the WW contract did not individually obligate Carolyn Ashwood and Matthew Frieser, and the only parties obligated by the WW contract were Ashwood & Associates Janitorial and WW Contractors. Camron Doss, the GSA, Matthew Frieser, and Jeffrey Sorenson were not parties to the WW contract. Since a party must be contractually obligated before it may be liable for a breach of contract, summary judgment is appropriate for these four parties. Defendants Camron Doss, the GSA, Matthew Frieser, and Jeffrey Sorenson's Motions for Summary Judgment are **GRANTED**.

### 2. Breach of Contract by WW Contractors

It is undisputed that WW mailed a letter of termination of the WW contract to Ashwood Janitorial. The existence of the contract termination clause allowing WW to terminate the contract is also undisputed. Whether Plaintiffs received that letter, or if it was an unambiguous notice of termination, is disputed. The affidavits of both Carolyn and Nathan Ashwood state that "written notice was never given to me that the contract would be breached such lessor amount for contract services was required under section VII [sic]." The WW contract does not specifically require written notice of termination. The affidavit of Jeffrey Sorenson states that Carolyn Ashwood was given written notice of termination, but makes no mention of any oral notice of

7

termination or of any facts that indicate receipt or acknowledgment of the notice by Carolyn Ashwood or any Plaintiff. Plaintiffs do not dispute the mailing of the letter, but do dispute receipt of any notice of termination. There then exists a genuine issue of material fact as to whether WW terminated the WW contract with Ashwood Janitorial. Defendant WW Contractor's Motion for Summary Judgment is **DENIED**.

### 3. Defendant's Camron Doss and GSA's Counterclaim

Defendants Doss and the GSA have moved for summary judgment on the extra payment the GSA made to Ashwood Janitorial which it was not entitled to receive under the GSA contract. These Defendants set forth the factual basis for their claim in the affidavit of Camron Doss and supporting documents. Neither of the affidavits attached to Plaintiffs' response to Defendants' summary judgment motions opposes or addresses the claims made in the affidavit of Camron Doss. The Court accepts as true that Ashwood Janitorial received money to which it was not entitled.

"An action based on unjust enrichment is maintainable in all cases where a person has received money under such circumstances that, in equity and good conscience, he ought not to retain it." *Merchants & Planters Bank & Trust Co. Of Arkadelphia v. Massey*, 790 S.W.2d 889, 891 (Ark. 1990). Counter-claimants Doss and the GSA have shown that Ashwood Janitorial received $3,991.66 to which it was not entitled and Plaintiffs have provided no legal or factual opposition. Defendants Doss and GSA's Motion for Summary

8

Judgment on their counterclaim is **GRANTED**. Although the actual amount of the overpayment was $3,991.66, Counter-Claimants seek only $3,990 and judgment for $3,990 is hereby granted.

### D. Subject Matter Jurisdiction Over the Remaining Claim

WW is the sole remaining Defendant and the sole remaining claim is for state breach of contract. This case was originally removed from the Circuit Court of Phillips County, Arkansas by Defendant GSA. The Court's subject matter jurisdiction was based on 28 U.S.C. § 1346. As the GSA is not longer a party, the Court no longer has subject matter jurisdiction on that basis. The Court hereby requests both parties to file briefs within the next fourteen (14) days on the issue of whether it continues to have subject matter jurisdiction to adjudicate the remaining claim.

### E. Conclusion

Defendants Matthew Frieser, Jeffery Sorenson, Camron Doss, and the GSA's Motion for Summary Judgment on Plaintiffs claims is **GRANTED**. Plaintiffs' claims against these Defendants are hereby **DISMISSED WITH PREJUDICE**. Defendant WW Contractors' Motion for Summary Judgment is **DENIED**. Counter-claimants Camron Doss and the GSA's Motion for Summary Judgment on their Counterclaim is **GRANTED**. Judgment is hereby entered in the amount of $3,990 with interest at the rate of 1.44% per annum. Each party is responsible for its own fees and costs. The case remains set for jury trial on April 13, 2009 on the unresolved issues.

AO72A (Rev. 8/82)

IT IS SO ORDERED this 7th day of November, 2008.

                                        /s/ Robert T. Dawson
                                        Honorable Robert T. Dawson
                                        United States District Judge