IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

ASHWOOD JANITORIAL SERVICES,
CAROLYN ASHWOOD, Individually and
as Owner, and NATHAN ASHWOOD,
Individually and as General Manager         PLAINTIFFS

   V.                    NO. 2:08-CV-00038

W.W. CONTRACTOR, INC., MATTHEW
FRIESSER, Vice President of W.W.
Contractor, Inc., GENERAL SERVICES
ADMINISTRATION and CAMRON DOSS, In
his Official Capacity as Agent and
Contracting Officer on Behalf of
General Services Administration            DEFENDANTS

# O R D E R

Currently before the Court are Plaintiffs' Motion to Amend their Complaint (Doc. 39), Plaintiffs' Motion to Transfer to State Court (Doc. 43), Plaintiffs' Motion to Reconsider (Doc. 45), and the General Service's Administration's (GSA) Motion to Vacate and Set Aside the Judgment on the Counterclaim (Doc. 51). Also, the Court notes that the parties never filed their 26(f) report.

**A. Plaintiffs' Motion to Amend**

Plaintiffs' seek to amend their complaint by attaching and incorporating the original contract. No defendant has opposed or responded to Plaintiffs' Motion. Upon due consideration, Plaintiffs' Motion is **GRANTED.** Accordingly, Plaintiffs are directed to file their amended complaint within five (5) days, and the remaining Defendant shall have ten (10) days from the date of the filing in which to file an amended answer.

**B. Plaintiffs' Motion to Remand**

In its order dated November 7, 2008, the Court requested both parties to submit briefs concerning the Court's continued exercise of subject matter jurisdiction in this case. Plaintiffs filed a motion to remand to state court that contests Defendant W.W. Contractor's (WW) allegations of diversity (Docs. 43-44).

Paragraph I of the Complaint states "[t]hat the Plaintiffs, Nathan and Carolyn Ashwood, reside at # 22 Edgewood Circle, West Helena, Arkansas" and Defendant "W.W. Constructors [sic] Corporate Offices is located [sic] at 1800 N. Charles Street, Suite 204, Baltimore, MD." In its answer, WW denied paragraph I, but its brief accepts those addresses as correct, at least for the purposes of subject matter jurisdiction. The Plaintiffs claim that all parties are citizens of Arkansas.

The party seeking to invoke diversity jurisdiction has the burden to prove the requisite amount by a preponderance of the evidence. *Advance America Servicing of Arkansas, Inc. v. McGinnis*, 526 F.3d 1170, 1173 (8th Cir. 2008). A complaint must be dismissed if it appears to a legal certainty that the value of the claim is less than $75,000. *Id.* A District Court may decline to exercise supplemental jurisdiction when the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3)

In this case, diversity jurisdiction is contested, but the court may exercise supplemental jurisdiction at its discretion.

2

Since this case has already proceeded through dispositive motions, the interests of judicial economy favor continued jurisdiction. Plaintiffs' Motion to Remand is hereby **DENIED.**

## C. Plaintiffs' Motion for Reconsideration

On November 7, 2008, the Court granted the General Services Administration's (GSA) Motion for Summary Judgment on its counterclaim (Doc. 40). At the time the Court granted Summary Judgment, the Plaintiffs had not responded to the facts alleged in the GSA's Motion for Summary Judgment. The Plaintiffs filed a Motion for Reconsideration over a month after the Court granted Summary Judgment. Following the Plaintiffs' Motion, the GSA re-examined its records and determined that the it had not overpaid Ashwood Janitorial and sought to vacate and set aside the earlier judgment. The Plaintiffs have filed no response.

Rule 60(b) of the Federal Rules of Civil Procedure allows a District Court to relieve a party from a final judgment. On due consideration, the GSA's Motion is **GRANTED** and the Court's earlier Summary Judgment for $3,990 is hereby **VACATED**. As such, the Plaintiffs' Motion for Reconsideration (Doc. 45) is **DENIED AS MOOT.**

## D. 26(f) Report

In its initial scheduling order on April 9, 2008 (Doc. 15), the Court ordered the parties to hold their Rule 26(f) conference by June 3, 2008 and to file their Rule 26(f) report by June 17, 2008. The Court has no record that the 26(f) report was ever

AO72A
(Rev. 8/82)

filed. Accordingly the parties are jointly responsible for filing the report within ten (10) days from the date of this order.

**E. Conclusion**

Plaintiffs' Motion to Amend is **GRANTED.** Plaintiffs' Motion to Remand and Plaintiffs' Motion for Reconsideration are both **DENIED.** The GSA's Motion to Vacate and Set Aside Judgment is **GRANTED.** Both parties are directed to jointly file their 26(f) report within ten (10) days. Plaintiffs are directed to file their amended complaint within five (5) days, and the remaining Defendant shall have ten (10) days from the date of the filing in which to file an amended answer.

IT IS SO ORDERED this 9th day of January, 2009.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge

AO72A
(Rev. 8/82)